UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

SKS Bottle and Packaging, Inc.,

Debtor.

Chapter 11
Case No. 24-11283

**FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL**

Upon the Motion of SKS Bottle and Packaging, Inc., the above-captioned Debtor and Debtor-in-Possession (hereinafter, the "Debtor"), by and through its proposed counsel, for entry of an order authorizing the Debtor's use of Cash Collateral along with related relief; and the Court having granted an Interim Order authorizing the Debtor's use of cash collateral on a temporary basis on November 22, 2024; and upon the final hearing on the Debtor's use of Cash Collateral on December 18, 2024, and upon the appearances of counsel for the Debtor, Nolan Heller Kauffman LLP (Justin A. Heller, Esq., of counsel), secured creditor Green Mountain Electric Supply ("GMES"), Harris Beach LLC (Brian D. Roy, of counsel), and the United States Trustee (Harrison E. Strauss, Esq., of counsel); and upon the consent of GMES and the United States Trustee, it is hereby

**FOUND and DETERMINED**, that:

A.  An immediate need exists for the Debtor to use accounts receivable and

1

inventory and other "cash collateral" as defined in section 363(a) of the Bankruptcy Code including any and all prepetition and postpetition proceeds of the Collateral (the "Cash Collateral").

    B.    Good cause has been shown for the immediate entry and effectiveness of this Final Order pursuant to Bankruptcy Rule 4001(b). The Debtor has an immediate need to use Cash Collateral to, among other things, fund the orderly continuation of its business, maintain the confidence of its customers and vendors, pay operating expenses, preserve going-concern value and pay the costs of administering the Chapter 11 Case, consistent with the Budget attached hereto.

    C.    Debtor executed a Secured Promissory Note in favor of GMES in the principal amount of $842,000.00 on or about June 24, 2024 (the "Note").  As security for the Note and any other loans, advances, or other financial accommodations, Debtor also entered into a Security Agreement with GMES on or about June 24, 2024, providing a security interest to GMES in all of the Debtors' assets as more particular described in the Security Agreement (the "Security Agreement").  On June 24, 2024, GMES perfected its security interest in the Debtors' assets by filing a UCC Financing Statement (the "GMES UCC", the Note, Security Agreement and GMES UCC, collectively, the "GMES Loan Documents").

    D.    Debtor asserts GMES is adequately protected due to (i) its receipt of ongoing interest payments from its interest reserve account through at least December 31, 2024, (ii) the Debtor's making ongoing monthly adequate protection payments beginning once the interest reserve account is exhausted in the amount necessary to cover interest payments, and (iii) status as an over secured creditor.

    E.    The Debtor leases its Saratoga Facility from GMES, which lease expires on

December 31, 2024, pursuant to the terms of the Sublease Agreement between Debtor and GMES and an Agreement dated June 24, 2024, between GMES and Debtor which, among other things, amended certain terms of the Sublease Agreement (collectively, the "Lease Documents"). Prior to the commencement of this case, GMES brought eviction proceedings against the Debtor for non-payment of rent. The Debtor has advised GMES and the Court that it lacks sufficient capital to pay post-petition rent.

F.  The Interim Order was served by the Debtor on (a) the United States Trustee for the Northern District of New York (the "U.S. Trustee"); (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) (the "Top 20 Creditors"); and (c) counsel to GMES. The foregoing notice of the final hearing on this Motion held on December 18, 2024 at 10:30 a.m. was sufficient under the circumstances.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted on the terms and conditions set forth in this Final Order. Any objections or responses to the relief requested in the Motion that have not been previously withdrawn, waived, or settled, and all reservations of rights included in such objections and responses, are hereby overruled on the merits and denied with prejudice.

2.  The Debtor is authorized, pursuant to section 363(c)(2)(A) and (B) of the Bankruptcy Code, to use of Cash Collateral in accordance with the Budget attached hereto as Exhibit 1 (the "Budget").

3.  The GMES Loan Documents are hereby ratified and confirmed, and shall be deemed in effect and constitute obligations of the Debtor with the same force and effect as if the GMES Loan Documents had been re-executed by the Debtor after the Petition Date.

4. In the ordinary course, GMES is authorized to receive interest payments on the Debtor's obligations from the interest reserve account which it maintains until the account is exhausted or the Court orders otherwise.

5. To provide GMES with adequate protection of its interest in the Debtor's collateral, including, without limitation, any Cash Collateral, the Debtor is authorized and directed to make adequate protection payments to GMES in the form of interest payments as follows:

　　a.　$5,613.33 for the month of January 2025, to be paid on or before January 6, 2025; and

　　b.　In an amount equal to monthly interest on the principal balance due GMES (currently $842,000.00) at the rate of the then current Prime Rate published in the Wall Street Journal, plus 2.0% per annum, commencing February 2025 and continuing each month thereafter, and to be paid on or before the 6th day of each month.

6. GMES is otherwise adequately protected due to its perfected, first-priority security interest in all of the Debtor's assets.

7. As further protection of GMES' interest in the collateral, including, without limitation, any Cash Collateral, GMES is hereby granted replacement liens and security interest in all post-petition property of the Debtor of the same type and priority as each held pre-petition (the "Replacement Lien").  The liens, pledges and security interest granted to GMES pursuant to this Order are in addition to, and not in substitute for, its respective existing security interests and liens and shall be deemed perfected without reliance upon the filing of any financing statements or recordation of any documents, and it shall not be required to obtain security or similar agreements or corporate resolutions, file further financing statements or record any documents (although GMES is granted the right to file such financing statements and obtain such security agreements),

or take any other steps under applicable law to create or perfect such security interests, pledges and liens. The post-petition grant of the foregoing security interests shall be supplemental to and in addition to, the security interests which GMES possesses.

8. The Debtor and GMES have also reached agreement on matters relating to the Debtor's Lease Documents with GMES to its Saratoga Springs facility, which are hereby approved by the Court as follows:

   a. GMES is hereby granted an administrative expense claim for the Debtor's November stub rent (rent allocable to the post-petition portion of November 2024), the December 2024 rent and the January 2025 rent, all totaling $244,569.32;

   b. GMES is hereby granted a post-petition lien in all of the Debtor's pre-petition and post-petition assets to secure the January 2025 rent, plus any additional amounts due under the Lease Documents in January 2025, in the amount of $100,507.94;

   c. GMES shall forbear from seeking state-court eviction of the Debtor from the Saratoga facility through January 31, 2025;

   d. The Debtor shall vacate the Saratoga Facility by no later than January 31, 2025, unless otherwise agreed to in writing by GMES; and

   e. The Debtor agrees not to oppose the pending state-court eviction of the Debtor from the Saratoga Facility.

9. Subject to section 362 of the Bankruptcy Code, this Order does not and shall not constitute a waiver by GMES of any rights which either it may have with respect to the collateral or other property of the Debtor or its estate, including, without limitation, its rights as secured party under the GMES Loan Documents, the Uniform Commercial Code and other applicable law. The

automatic stay of section 362(a) of the Bankruptcy Code is modified to the extent necessary to effect the provisions of this Order.

10. GMES may seek any additional protection (including relief from the automatic stay) as it may require with respect to the collateral, including the Cash Collateral and leased premises, and the Debtor may oppose such relief.

11. The security interests, pledges and liens granted to GMES shall remain in effect until all obligations and debts of the Debtor to GMES, including, without limitation, the amounts owed under the GMES Loan Documents and Lease Documents have been paid in full.

12. The foregoing liens granted pursuant to this Final Order shall constitute valid and duly perfected security interests and liens, and GMES shall not be required to, but may, file or serve financing statements, notices of liens or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, to validate and perfect such security interests and liens.

###