UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SKS Bottle and Packaging, Inc.,<br><br><br><br>Debtor. | Chapter 11<br>Case No. 24-11283 |

## NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

  1. On February 26, 2025, the United States Bankruptcy Court for the Northern District of New York (the "Court") entered an order (the "Bidding Procedures Order"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure in the chapter 11 case (the "Chapter 11 Case") of SKS Bottle and Packaging, Inc., the above-captioned debtor and debtor in possession ("SKS" or, the "Debtor") approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the Debtor's assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements listed on Exhibit A annexed hereto (each, an "Executory Contract" or "Unexpired Lease" and collectively the "Executory Contracts and Unexpired Leases") in connection with the proposed sale of substantially all of the Debtor's assets (the "Acquired Assets"). The Debtor may assume, assign, and/or transfer the Executory Contracts and Unexpired Leases to a Successful Bidder or Back-Up Bidder for the Acquired Assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as Schedule 1.

  2. The Debtor believes that any and all defaults (other than defaults arising from the filing of the Chapter 11 Case) and actual pecuniary losses under the Executory Contracts and Unexpired Leases can be cured by the payment of the respective Cure Amounts listed on Exhibit A annexed hereto.

  3. Any objections to (i) the assumption, assignment and/or transfer of an Executory Contract or Unexpired Lease, or (ii) the amount asserted on Exhibit A as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of its Executory Contract or Unexpired Lease (the "Claimed Cure Amount"). In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to a Successful Bidder or Back-Up.

4. For contracts that are not set forth in this Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

5. To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon (a) counsel to the Debtor, Whiteman Osterman & Hanna LLP, 80 State Street, 11th Floor, Albany, New York, 12207, Attn: Justin A. Heller, Esq. and Matthew M. Zapala, Esq.; (b) counsel to GMES, Harris Beach Murtha, 677 Broadway, Suite 1101, Albany, New York, 12207, Attn: Jeremy Speich, Esq. and Brian Roy, Esq.; (c) the Office of the United States Trustee for the Northern District of New York, 11A Clinton Avenue, Room 620. Albany, NY 12207, Attn: Harrison Strauss, Esq.; and (d) counsel for the Stalking Horse Purchaser, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114, Attn: John Paul Lucci, Esq. (jlucci@hahnlaw.com), by the latter of (i) 4:00 p.m. (prevailing Eastern time) on March 4, 2025; or, (ii) solely with respect to any Executory Contract or Unexpired Lease which is the subject of a Supplemental Notice of Assumption and Assignment, five (5) days after service of the relevant Supplemental Notice of Assumption and Assignment.

6. If a Cure Amount/Assignment Objection is timely filed, the Debtor may, in its sole discretion, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, a hearing with respect to that objection shall be held before the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of New York, U445 Broadway, Albany, New York 12207, at 10:30 a.m. (prevailing Eastern time) on March 12, 2025.

7. Unless a Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Executory Contract or Unexpired Lease may proceed without further notice at the hearing to approve the sale of the Acquired Assets.

8. All parties who do not file and serve a timely Cure Amount/Assignment Objection shall (i) be deemed to have waived and released any and all rights to assert against the Debtor, the Successful Bidder(s) or Back-Up Bidder(s), cure amounts different from the Cure Amounts listed on Exhibit A hereto, (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease, and (iii) be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder(s) or the Back-Up Bidder(s), or any assignee of such Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied (other than with respect to the ability of any Successful Bidder(s) or Back-Up Bidder(s) who is not the Stalking Horse Purchaser to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code) with respect to such Executory Contract or Unexpired Lease.

9. The Debtor, the Successful Bidder(s) or the Back-Up Bidder(s), as the case may be, and subject to the terms of the Successful Bid(s) or the Back-Up Bid(s), may determine to exclude any Executory Contract or Unexpired Lease from the list of Acquired Assets to be sold no later than the closing of the sale of the Acquired Assets, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such Executory Contract or Unexpired Lease is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the date of such determination. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

10. If you agree with the Cure Amounts proposed by the Debtor and do not otherwise object to the Debtor's assumption, assignment and/or transfer of your Executory Contract or Unexpired Lease, you need not take any further action.

11. Copies of the Bidding Procedures Order and other relevant documents can be found on the Court's electronic case filing (ECF) website, https://ecf.nynb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 445 Broadway, Albany, New York 12207.

12. The Debtor's decision to sell, assign and/or transfer to the Successful Bidder(s) or Back-Up Bidder(s) the Executory Contracts and Unexpired Leases is subject to Court approval and to the closing of the sale of the Acquired Assets (the "Closing"). Accordingly, absent such Closing, none of the Executory Contracts or Unexpired Lease shall be deemed to be sold, assigned and/or transferred, and they shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Executory Contracts and Unexpired Leases shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: February 26, 2025
Albany, New York

WHITEMAN OSTERMAN & HANNA LLP

By: _____
Justin A. Heller, Esq.
Matthew M. Zapala, Esq.
80 State Street, 11th Floor
Albany, NY 12207
Telephone: (518) 487-7600
jheller@woh.com
mzapala@woh.com

Assumed Executory Contracts and Cure Costs

"Master Lease Agreement" dated 01/14/2019 by and between SKS Bottle and Packaging, Inc. and Industrial Handling Equipment, Inc. (Forklift No. 7BPU15) Cure Amount: $4,188.62

"Master Lease Agreement" dated 12/30/2020 by and between SKS Bottle and Packaging, Inc. and Industrial Handling Equipment, Inc. (Forklift Nos. 51820 and 41540) Cure Amount: $28,087.68

"Equipment Master Lease Agreement" dated 09/02/2020 by and between SKS Bottle and Packaging, Inc. and Raymond Leasing Corporation. Cure Amount: $6,092.74

"PayPal Agreement - Amendment to PayPal Agreement" dated 10/14/2020 by and between SKS Bottle and Packaging, Inc. and PayPal. Cure Amount: $0.00

"Distributorship Agreement" dated 04/02/2013 by and between SKS Bottle and Packaging, Inc. and Silgan Plastics, LLC. Cure Amount: $30,851.79

"Carrier Agreement" dated 03/07/2023 by and between SKS Bottle and Packaging, Inc. and UPS. Cure Amount: $0.00

"Shipping Services Contract" dated 07/16/2024 by and between SKS Bottle and Packaging, Inc. and The United States Postal Service. Cure Amount: $0.00