UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

Wind-Down Bottle and Packaging, Inc.,

Debtor.

Chapter 11
Case No. 24-11283

**FIRST INTERIM FEE APPLICATION
OF WHITEMAN OSTERMAN & HANNA LLP AS ATTORNEYS FOR DEBTOR**

**WHITEMAN OSTERMAN & HANNA LLP** ("WOH"), attorneys for Wind-Down Bottle and Packaging, Inc. ("Debtor") f/k/a SKS Bottle and Packaging, Inc., hereby applies to this Court for approval of its First Interim Fee Application pursuant to 11 U.S.C. §§331, 503(b) and 507 and Federal Rule of Bankruptcy Procedure 2016 and respectfully states as follows:

**NARRATIVE SUMMARY**

A.   Background

1.   The Debtor filed its voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on November 18, 2024.  The Debtor is a corporation organized under the laws of the State of New York and maintains its principal place of business at 10 Skyward Drive, Saratoga Springs, New York, 12866.  The Debtor continues as a debtor and debtor in possession pursuant to §§1107 and 1108 of the Bankruptcy Code

2.   On the same day, Nolan Heller Kauffman LLP ("NHK"), former counsel for the Debtor, filed its application pursuant to 11 U.S.C. §327 to be retained as counsel for the Debtor [ECF No. 8].  NHK's retention as Debtor's counsel was approved by Court Order dated December 19, 2024 (ECF No. 33].

3. On January 1, 2025, the attorneys of NHK joined WOH. As part of this process, the undersigned obtained the written consent of the Debtor for the transfer of the Debtor's file and representation of the Debtor to WOH.

4. Based upon a letter filed by the Debtor, the Court entered an order amending the Court's prior order authorizing the employment of NHK as counsel for the Debtor to approve the retention of WOH as counsel for the Debtor effective January 1, 2025 and clarified that the terms of the prior order will remain in full force and effect and apply to WOH. ECF No. 67.

5. Pursuant to the Amended Order, WOH seeks approval of compensation for services rendered and expenses incurred by NHK for the period of November 18, 2024 through December 31, 2024 and for services rendered and expenses incurred by WOH for the period of January 1, 2025 through April 30, 2025.

6. WOH and NHK have at all times in connection with its employment in this case rendered services only on behalf of the Debtor and its estate. WOH seeks payment of the compensation awarded herein pursuant to §§331, 503(b) and 507 of the Bankruptcy Code.

7. The terms of employment are set forth in the retention application previously approved by the Court. WOH and NHK were retained to (a) give the Debtor legal advice with respect to its powers and duties as a debtor and debtor-in-possession; (b) prepare on its behalf necessary applications, answers, reports, orders and other legal papers; (c) represent the Debtor in litigation; (d) represent the Debtor in various transactional and other legal matters as may be required or desirable; and (e) perform all other legal services needed by the Debtor in connection with this case. WOH and NHK were to be paid on an hourly fee basis.

8. NHK received a pre-petition retainer in the amount of $30,000.00. The Debtor incurred fees and expenses to NHK totaling $15,000.00 prior to the Filing Date, which have been

paid from the retainer on hand with NHK. As a result, the Debtor is current on account of its pre-petition fees and expenses incurred prior to the Filing Date. After payment of the Court's filing fee for the Petition in the amount of $1,738.00, NHK is currently holding the amount of $13,262.00 in its attorney escrow account.

9. The hourly rates and charges for attorneys rendering services for which compensation is sought herein are the firm's usual and customary rates (for bankruptcy and non-bankruptcy clients) and are comparable to the costs of services in a case under this title and to the costs of services rendered by other counsel in this area with similar expertise and experience. The hourly rates in effect during the time period covered by this first interim fee application range from $310.00 to $425.00 per hour.

10. This is WOH's first interim fee application pursuant to 11 U.S.C. §331.

11. As discussed above, and as is set forth in "**Exhibit A**" and on the summary sheet attached to this application hereto, this application covers services rendered by WOH and NHK and associated expenses incurred by the Debtor during the period November 18, 2024 through and including April 30, 2025, for which compensation is sought in the total amount of $99,504.50, and expense reimbursement in the amount of $1,011.80.

B. <u>Statutory Basis for Relief Sought</u>

12. This is an application for the award of interim compensation pursuant to 11 U.S.C. §§331, 503(b) and 507 and Federal Rule of Bankruptcy Procedure 2016. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §1334. This application constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O).

C. <u>Case Status</u>

13. The Debtor filed its petition on November 18, 2024 (the "Petition Date"). Since

the Petition Date, the Debtor has remained a debtor and debtor-in-possession and no committee of unsecured creditors is appointed.

14. On March 12, 2025, the Court approved the sale of substantially all of the Debtor's assets. Pursuant to the sale Order, WOH is holding the net proceeds of sale in the amount of $220,228.48, after payment of secured claims and administrative claims as provided for in the sale Order pending further order of the Court. As part of this motion, WOH seeks court approval for payment of the balance of the fees approved on this fee application (after the application of the retainer held by NHK) to be paid from the net sale proceeds held.

15. On April 30, 2025, the Debtor filed its Disclosure Statement and Chapter 11 Plan to distribute the proceeds to creditors. The same day, the Court approved an application by the Debtor to combine the hearing on the Disclosure Statement and Plan. The combined hearing is scheduled for June 11, 2025.

16. It is respectfully submitted that the services rendered in this case were necessary to the administration of the case, were beneficial at the time at which the services were rendered, and were performed within a reasonable amount of time.

## ITEMIZATION OF SERVICES RENDERED

17. An itemized statement of the services rendered by WOH and NHK, the particular attorney rendering each service, the time spent rendering each item of service and the fee incurred for such service is annexed hereto as Exhibit A.

14. The services performed by WOH and NHK on behalf of the Debtor and its estate are summarized below, and are categorized by "task" (the fees requested in connection with each task are also summarized):

a. "Case Administration" (Task Code 201)[1] ($12,328.50): Prepared and appeared for first day motion; assisted Debtor with administrative matters, including initial debtor interview, establishing DIP account, and monthly operating reports; communicated with NBT Bank regarding DIP account issues; consulted with the United States Trustee's Office regarding various issues; and assisted Debtor's principal with understanding of and compliance with duties of debtor-in-possession;

b. "Plan and Disclosure Statement" (Task Code 202) ($9,408.00): Formulate and prepare disclosure statement and plan, along with application and order requesting combined hearing on disclosure statement and plan;

c. "Asset Analysis and Recovery" (Task Code 206) ($3,334.50): Negotiated recovery of preferential payment from vendor and release of funds held by PayPal in an aggregate amount exceeding $100,000.00. These recovered funds were critical to the Debtor's ability to continue to operate and make payroll through the final hearing on its sale motion on March 12, 2025;

d. "Litigation" (Task Code 207) ($310.00). Attended court status conference on pre-petition lawsuit, at direction of U.S. District Court;

e. "Meeting of Creditors" (Task Code 208) ($1,123.00): Prepared with Debtor for and attended meeting of creditors;

f. "Claims Administration and Objections (Task Code 210) ($558.00): Held preliminary discussions with IRS in effort to resolve IRS proof of claim;

g. "Asset Disposition" (Task Code 211) ($63,417.50): Advised Debtor in connection

---

[1] The NHK time records identify the name of the task category as well as a task code. The WOH records only list the task code.

with potential sale opportunities; performed substantial services relating to the negotiation of a stalking horse asset purchase agreement, preparation of a motion to sell substantially all of the Debtor's assets pursuant to Section 363(f), including extensive work preparing schedules to asset purchase agreement; appearances at multiple hearings on the approval of bidding procedures and a final sale hearing, and the resolution of various issues with the stalking horse purchaser, GMES, and the Office of the United States Trustee; represented Debtor in all aspects of closing the sale transaction;

    h.    "Employment / Fee Applications" (Task Code 212) ($3,741.00): Prepared applications to retain NHK as Debtor's counsel and to amend the retention order to also approve the employment of WOH as counsel for the Debtor effective January 1, 2025; prepared NHK/WOH fee application;

    i.    "Cash Collateral and Other Secured Creditor Issues (Task Code 215) ($5,284.00): Communicated and negotiated with the Debtor's secured creditor, GMES, regarding the use of cash collateral, adequate protection, administrative rent claim, and the sale of assets that were the subject of the GMES's lien. Resolved issues resulting in a consensual Final Order regarding the use of cash collateral and final order approving the sale of substantially all of the Debtor's assets.

    17.    The services rendered and expenses incurred were all actual and necessary for the proper and adequate representation of the Debtor.

    18.    WOH's and NHK's total billable time for services and request for reimbursement of expenses is as follows: $99,504.50 for services rendered and $1,011.80 for expenses incurred by the Debtor during the period November 18, 2024 through and including April 30, 2025. It is respectfully requested that allowed fees and expenses be allowed as an administrative expense

pursuant to 11 U.S.C. §503(b) and paid by the Debtor.

## CONCLUSION

19.     Neither WOH nor NHK has represented any other entity in connection with this case nor does it represent or hold any interests adverse to the interests of the Debtor and its estate with respect to matters on which it has been employed.

20.     All services for which compensation is requested were performed for or on behalf of the Debtor.

21.     No other entity has heretofore made or promised payment to WOH or NHK in connection with this case.  Neither WOH nor NHK has no agreement or understanding with any other entity to fix fees or for the sharing of compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

22.     The total amount of compensation sought in the within application is $99,504.50 for services rendered and $1,011.80 for expenses incurred by the Debtor during the period November 18, 2024 through and including April 30, 2025.

23.     WOH certifies that the Debtor has received the application.  The Debtor's approval of the application will be filed once received from the Debtor if it is not filed together with the Application.

**WHEREFORE**, WOH respectfully requests that its First Interim Application for Compensation be granted in the amount of $99,504.50 for services rendered and $1,011.80 for expenses incurred during the period November 18, 2024 through and including April 30, 2025, that WHO and NHK be authorized to apply the pre-petition retainer to the allowed compensation, that the Debtor be authorized to make payment of compensation to WOH and NHK as an administrative expense as requested herein, and that the Court grant such other and further relief

as may be just and proper.

Dated:  June 4, 2025
       Albany, New York                       **WHITEMAN OSTERMAN & HANNA LLP**

                                                */s/ Justin A. Heller*
                                                _____
                                                Justin A. Heller, Esq.
                                                Matthew M. Zapala, Esq.
                                                *Attorneys for Debtor*
                                                80 State Street, 11th Floor
                                                Albany, New York 12207
                                                (518) 487-7600

## SUMMARY SHEET

**NOLAN HELLER KAUFFMAN LLP**

**First Interim Fee Application**

| | |
|---|---|
| Total Fee Request: | $16,493.00 |
| Expenses requested: | $0.00 |
| Retainer paid: | $30,000.00 |
| Retainer remaining: | $13,262.00 |

| Professional | Title | Admitted | Hrs. | Rate/Hour | Total |
|---|---|---|---|---|---|
| Justin A. Heller | Partner | 1991 | 24.00 | $425.00 | $10,200.00 |
| Matthew M. Zapala | Associate | 2015 | 20.30 | $310.00 | $ 6,293.00 |
| | TOTAL | | | | $16,493.00 |

**WHITEMAN OSTERMAN & HANNA LLP**

**First Interim Fee Application**

| | |
|---|---|
| Total Fee Request: | $83,011.50 |
| Expenses requested: | $1,011.80 |
| Retainer paid: | $0.00 |
| Retainer remaining: | $0.00 |

| Professional | Title | Admitted | Hrs. | Rate/Hour | Total |
|---|---|---|---|---|---|
| Justin A. Heller | Partner | 1991 | 91.70 | $425.00 | $38,972.50 |
| John Hartzell | Of Counsel | 1999 | 15.8 | $425.00 | $ 6,715.00 |
| Matthew M. Zapala | Associate | 2015 | 120.40 | $310.00 | $37,324.00 |
| | TOTAL | | | | $83,011.50 |

| | |
|---|---|
| TOTAL FEE SOUGHT | $99,504.50 |
| TOTAL BLENDED RATE | $365.56 |

## DEBTOR'S CERTIFICATION

I, Ken Horan, certify that I have reviewed the First Interim Fee Application of Whiteman Osterman & Hanna LLP, and

Check one:

X I do not object to allowance of the application and payment of fees and expenses in full as the services rendered and fees charged appear reasonable; or

☐ I object to the application and to payment of the fees and expenses in full in the amounts and for the reasons set forth below:

Dated: June 4, 2025                              _____
                                                                    KEN HORAN

4929-4197-1759, v. 5